T.C. Summary Opinion 2005-24

UNITED STATES TAX COURT

BONNIE J. AND ERNEST R. WERTS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5160-03S.                    Filed March 1, 2005.

Bonnie J. and Ernest R. Werts, pro se.

<u>Fred E. Green, Jr.</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1]    Unless otherwise indicated, section references hereafter are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency of $705 in petitioners' Federal income tax for the year 2000.

The sole issue for decision is whether Social Security benefits received by petitioners during 2000 are includable in gross income under section 86(a).

Some of the facts were stipulated. Those facts and the accompanying exhibits are so found and are incorporated herein by reference. Petitioners' legal residence at the time the petition was filed was Carson City, Nevada.

Petitioners each received Social Security retirement benefits during the year 2000, which totaled $19,416. Petitioners were also gainfully employed during 2000 and earned combined wage and salary income of $31,649 that year.

For the year 2000, petitioners filed a Federal income tax return on Form 1040EZ, Income Tax Return for Single and Joint Filers With No Dependents. On that return, petitioners reported the $31,649 wage and salary income they earned that year. Petitioners, however, did not report as income any portion of the $19,416 in Social Security benefits they received that year.[2]

---

[2] The Form 1040EZ used by petitioners does not provide for the reporting of other types of income, such as Social Security benefits. That form contemplates only the reporting of wage and salary income, taxable interest income, and unemployment compensation. Petitioners did not use the proper form. They had other sources of income; i.e., Social Security retirement benefits.

In the notice of deficiency, respondent determined that $4,679 of the Social Security benefits received by petitioners during 2000 represented gross income and determined a deficiency in tax based upon the inclusion of that amount with the wage and salary income petitioners reported. No other adjustments were proposed in the notice of deficiency. At trial, the testimony of petitioners indicated that they might be entitled to a dependency exemption deduction for their son, who was disabled due to an accident. Rule 41(b)(1). After the trial, respondent agreed that petitioners would be allowed to produce evidence of the support they provided for their son. Thereafter, respondent filed a report with the Court, conceding that petitioners were entitled to a dependency exemption deduction for their son.

With respect to the Social Security income at issue, petitioners contend that they have never reported their retirement benefits as income in prior years, nor have their income tax returns ever been audited so as to require inclusion of their benefits in income. However, section 61(a) provides that gross income includes all income from whatever source derived, unless excludable by a specific provision of the Code. Moreover, section 86(a), for the year at issue, provides that, if the modified adjusted gross income of the taxpayer, plus one-half of the Social Security benefits received, exceeds the adjusted base amount, gross income includes the lesser of (1) the sum of

(a) 85 percent of such excess, plus (b) the lesser of (i) one-half of the Social Security benefits received during the year, or (ii) one-half of the difference between the adjusted base amount and the base amount of the taxpayer, or (2) 85 percent of the Social Security benefits received during the year. Sec. 86(a)(2). The base amount and the adjusted base amount for the year at issue for a joint return are $32,000 and $44,000, respectively. Sec. 86(c)(1)(B) and (2)(B). Petitioners do not challenge respondent's computation under this formula that results in $4,679 of their Social Security benefits' being includable in gross income. Petitioners contend only that respondent never challenged their omission of such income on prior years' returns. The mere fact that omission of such income on petitioners' prior returns was never questioned by respondent is not a basis for the exclusion of such income on subsequent returns that are questioned by respondent. Each taxable year stands alone, and respondent may challenge in a succeeding year what was condoned or agreed to in a former year. Boatner v. Commissioner, T.C. Memo. 1997-379 (citing Auto. Club v. Commissioner, 353 U.S. 180 (1957)), affd. 164 F.3d 629 (9th Cir. 1998). Respondent, therefore, is sustained in including the subject income on petitioners' 2000 return. As noted above, petitioners are entitled to a dependency exemption deduction for their son for the year at issue based on respondent's concession.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered under Rule 155.